January 24, 1910.

---

### No. 4766.

(Court of Appeal, Parish of Orleans.)

## MARIA C. LACROIX, ADMINISTRATRIX, vs. FREDERICK G. MEYERS.

W. W. Wall for plaintiff and appellant.

J. B. Rosser, Jr., and W. L. Gleason, for defendant and appellant.

DUFOUR, J.—The plaintiff, the holder through mesne conveyances of a tax title to a square of ground acquired by one Handlin in 1859, files this petitory action against the defendant, whose title through mesne conveyances is traced back to the year 1836.

During all of this time these two claims of title have side by side figured together on the public records; the assessment of the two lots in controversy was in the name of Perrier, one of defendant's ancestors in title, and another assessment of the whole square in which the two lots were contained was in the name of "unknown."

The property was vacant and no one is shown to have had physical possession of it until defendant's author, Brooks, bought it and went into corporeal possession about June 19, 1901.

Ten years not having elapsed at the time of the institution of this suit, defendant's plea of prescription acquirendi causa is without foundation.

Against the attacks on his title, the plaintiff pleads the constitutional prescription which appears to have accrued at the time that defendant's author took physical possession June 19, 1901, just three years and one month after the adoption of the Constitution of 1898.

The first objection made to plaintiff's title is that it is not a tax title within the meaning of the law.

This sale was made under Act 285 of 1858 "to provide for the collection of back State taxes" which prescribes a sale at the suit of the State against the owner under process of seizure and sale, and the turning over to the State Treasury of the net proceeds after deducting the tax collector's commission.

The sale to Handlin was a tax sale and his title, therefore, a tax title to which there attaches the usual presumption of regularity. **Omnia rite acta** protects the official act, whether the sale be made by collector, constable, or sheriff; the officer named by the statute is **pro hac vice** tax collector.

The next objection is as to the application of the doctrine of civil or constructive possession resulting from the registry of title.

We have read with pleasure and interest the able brief of warrantor's counsel without feeling, however, that it impairs in any manner the views expressed in **Ashley Co. vs. Bradford, 109 La. 642**, in the following language:

"Whilst this kind of possession, constructive or civil in character, may not suffice for the prescription by which the ownership of property is aided or acquired, it is, where there is no actual or corporeal possession by the tax debtor, considered a sufficient foundation to support the inhibition established by the Constitution, viz.: That no sale of property for taxes shall be set aside for any cause, except that of

dual assessment or the antecedent payment of taxes, unless the proceeding to annul is instituted within three years from the adoption of the constitution.''

In that case it was shown that both plaintiff and defendant had paid taxes, separately listed, without being aware of the adverse pretensions of each other.

Conceding that, in ordinary cases, civil or legal possession not preceded by corporeal possession is insufficient to support the possessory action (47 An. 401), or sustain prescription acquirendi causa (48 An. 587), we do not find that the rule has been extended to tax cases.

The tax decisions have made the possession resulting from the registry of title sufficient to sustain the constitutional prohibition which is not intended to make a bad title good, but to shield it from attack.

The probable reason for a distinction was a desire on the part of the convention to rectify the precarious and unsettled condition of tax titles and to provide a simple, and unambiguous method of quieting them by lapse of time. Hence, the statute of repose of Art. 233.

In all cases subsequent to 109 La. there was corporeal possession in the tax debtor, and we have not found any case in which the mere failure of a tax purchaser to pay taxes have been found sufficient to interrupt prescription in favor of his title, or to estop him. The State under certain circumstances might be estopped (110 La. 95), but not the tax purchaser; his penalty is merely the recoupment of the taxes paid.

It is not disputed that the mere fact of a dual assessment is not sufficient unless payment of the taxes is shown under the assessment. There is no such proof here.

### 117 La. 679.

We mention this on the theory of evidence received

without objection, as the answers of defendant and warrantor raised no objection against plaintiff's title except erroneous assessment.

In the case of **Quaker Realty Co., No. 4662,** of our docket, in which the Supreme Court refused a writ of review, we use the following language which is pertinent to this case:

> "Sympathetic considerations cannot be allowed to mitigate the strict provisions of a statute of repose. * * * When Biehler bought it (the property), the State's title had been quieted by prescription of three years resulting from the registry of the title. His subsequent physical possession for any number of years less than ten is powerless to undo an accrued prescription."

The plea of prescription is well founded.

The condition of the record is not such as to enable us to pass intelligently on the reconventional demand and the call in warranty.

Judgment is reversed and it is now ordered that there be judgment in plaintiff's favor and against Frederick G. Meyers recognizing the Succession of Francois Lacroix as owner in perfect ownership and entitled to the possession of two certain lots of ground and improvements thereon in the third district of this city in the square bounded by Spain, St. Roch (formerly Washington Avenue), Celestine and Grand (formerly Genius) Streets, designated upon the original plan of the Faubourg Franklin by the Nos. 9 and 10 and measuring each in French measure 60 feet front on Spain Street by 126 feet 6 inches in depth.

It is further ordered that the reconventional demand and call in warranty be rejected at defendant's cost in

both courts as in case of non-suit.

St. Paul, J., dissents.

January 24, 1910.

Rehearing refused March 17, 1910.

Writ refused by Supreme Court April 14, 1910.